IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| RAQUEL RODRIGUEZ<br>Plaintiff | §<br>§<br>§ | |
| v. | § | Civil Action No. 5:15-cv-00085 |
| STATE FARM LLOYDS<br>Defendant | §<br>§<br>§<br>§ | |

## STATE FARM LLOYDS' NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

State Farm Lloyds ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1. On February 24, 2015, Raquel Rodriguez ("Plaintiff") filed her Original Petition ("Original Petition") styled Cause No. 2015CVF000664D3; *Raquel Rodriguez v. State Farm Lloyds*; In the 341st Judicial District Court, Webb County, Texas. State Farm was served with citation on March 27, 2015.

### *Nature of the Suit*

2. This lawsuit involves a dispute over State Farm's handling of Plaintiff's insurance claims for damages from a storm allegedly sustained by her residential property: 332 Redfish Dr., Laredo, Texas 78043. Plaintiff claims State Farm breached the insurance contract, the duty of good faith and fair dealing and an alleged fiduciary duty, committed negligence, misrepresentation and fraud by negligent misrepresentation, and violated the Texas Insurance

Code and DTPA. Plaintiff seeks actual damages, consequential damages, treble damages, statutory penalties, exemplary damages, mental anguish damages, court costs and attorney's fees.

### *Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. There is complete diversity of citizenship between the parties. At the time Plaintiff filed her Original Petition on February 24, 2015, and as of the date of filing this Notice, State Farm was an association of underwriters whose individual underwriters were all residents and citizens of the state of Illinois.[1] Accordingly, at the time of filing of this suit, and through the filing of this Notice, State Farm was and is considered an out-of-state citizen for diversity jurisdiction purposes.

5. Upon information and belief, Plaintiff was a citizen of Texas when she filed her Original Petition, and continues to be a citizen of Texas. (*See* Plaintiff's Original Petition, ¶ 3.)

6. Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff pleads in her Original Petition that she is seeking monetary relief over $100,000 but less than $200,000. (*See* Plaintiff's Original Petition, ¶ 70.)

7. In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, ... penalties, statutory damages, and punitive damages."[2] Here,

---

[1] *See Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1541 (1994) (defining "Lloyds' Plan" insurer). *Alcorn v. State Farm Lloyds*, Civil Action No. 3:98-CV-0772-BC, 1998 U.S. Dist. LEXIS 17144, *3-4 (N.D. Tex. Oct. 23, 1998) (recognizing that State Farm Lloyds' underwriters are citizens of Illinois).

[2] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of

Plaintiff claims that a storm caused damages to her property that Plaintiff insured through State Farm.[3] Plaintiff seeks unspecified damages for State Farm's refusal to fully compensate him under the terms of his insurance contract, Policy Number 83-LR-7521-4.[4] Policy Number 83-LR-7521-4 is a Texas Homeowner's Policy with coverage limits of $74,740.00 for the dwelling, $56,055.00 for personal property, and the actual amount of additional living expenses.

8.   Further, Plaintiff seeks actual, consequential, exemplary, and mental anguish damages and statutory penalties for her fraud claims and violations of the duty of good faith and fair dealing, the Texas Insurance Code and DTPA.[5] Further, Plaintiff seeks treble damages under the Texas Insurance Code and DTPA based on allegations State Farm acted "knowingly."[6] Plaintiff also seeks attorney fees.[7] Thus, given Plaintiff's statement of the monetary relief she is seeking in this suit in her petition, the Policy involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

9.   Additionally, Plaintiff sent State Farm a demand letter dated December 30, 2014 explaining Plaintiff's alleged entitlement to $41,397.88 in actual damages, the allowance of the imposition of treble actual damages based on State Farm's alleged "knowing" and "intentional" violations of the Texas DTPA and Insurance Code (an additional $82,795.76), and $8,500.00 in

---

the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).
[3] Plaintiff's Original Petition, ¶ 5-10.
[4] Plaintiff's Original Petition, ¶ 26-29.
[5] *See* Plaintiff's Original Petition, ¶ 30-66.
[6] *Id.* at ¶ 71.
[7] *Id.* at ¶ 72.

attorney's fees. Accordingly, Plaintiff herself believes that at least $132,693.64 is at issue in this suit. Courts consider plaintiffs' demand letters in ascertaining the amount in controversy.[8]

### *The Removal is Procedurally Correct*

10. State Farm was first served with the Original Petition on March 27, 2015. Therefore, State Farm filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

11. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

12. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

13. Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

14. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk of Webb County, Texas, promptly after State Farm files this Notice.

WHEREFORE, STATE FARM LLOYDS requests that this action be removed from the 341st Judicial District Court of Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division, and that this Court enter such further orders as may be necessary and appropriate.

---

[8] *See, e.g., Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761–62 (5th Cir.2000) (holding demand letter constituted an "other paper" for ascertaining amount in controversy).

Respectfully submitted,

*(signature)*

Mark A. Lindow
Attorney in Charge
State Bar No. 12367875
Southern District No. 12777
Lindow Stephens Treat LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
mlindow@lstlaw.com

Of Counsel:

Jana Richard
State Bar No. 24040752
Southern District Bar No. 1128806
Lindow Stephens Treat LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Telecopier: (210) 227-4602
jrichard@lstlaw.com

*Counsel for State Farm Lloyds*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Southern District of Texas, Laredo Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this 22nd day of **April 2015**, addressed to those who do not receive notice from the Clerk of the Court.

Bill L. Voss
Scott G. Hunziker
Chris Schleiffer
THE VOSS LAW FIRM, P.C.
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380

Mark A. Lindow / Jana Richard