United States District Court
Southern District of Texas
**ENTERED**
September 13, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| RAQUEL RODRIGUEZ, § | |
| § | |
| Plaintiff § | |
| VS. § | CIVIL ACTION NO. 5:15-CV-85 |
| § | |
| STATE FARM LLOYDS, § | |
| § | |
| Defendant. § | |

### ORDER

For the reasons that follow, Plaintiff's Motion for Dismissal with Prejudice (Dkt. No. 43) is **GRANTED**, all other pending motions are **DENIED**, and the case is **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

This case began as an insurance dispute over hailstorm damage to Plaintiff's house. At this stage, however, the crux of the pending matters before Court do not implicate the merits of this case. Instead, they center around allegations of professional misconduct against Plaintiff's Counsel, the Voss Law Firm (Voss), which are detailed in Defendant's filings.

Defendant's Motion to Show Authority contends that serious doubts exist over Voss's authority to represent Plaintiff based on a statement made by Plaintiff that she did not sign an engagement agreement with Voss. (Dkt. No. 40). Shortly after Defendant filed the Motion to Show Authority, Voss filed a Motion for Dismissal with Prejudice (Dkt. No. 43). Defendant opposed the dismissal, pointing that the timing of Plaintiff's request was dubious and arguing that dismissal would

be premature because it would cut off any inquiry regarding potential Rule 11 violations on Voss's part. (Dkt. No. 44). Defendant requested a hearing; an order requiring Voss to disclose the name of the Valley Adjusters representative who allegedly procured Plaintiff's hailstorm claim; and the opportunity to depose this marketer and a corporate representative of Voss. (*Id.* at 9).

Voss replied, asserting that Defendant's request would waste this Court's time despite Plaintiff's genuine desire to simply end the dispute. (Dkt. No. 45). Voss also moved for sanctions, arguing that "Defendant and its attorneys are engaging in a conspiracy theory, designed to cost Plaintiff's counsel considerable time, effort, and money." (*Id.* at 3). Defendant responded to Voss's request for sanctions and allegations of harassment by briefing the circumstances surrounding this case along with Voss's overall model for finding clients with potential hailstorm related claims. (Dkt. No. 47). Defendant also requested costs incurred to respond to Voss's motion for sanctions. (*Id.*).

On September 7, 2016, the Court held a hearing on the matter. At the hearing, the Court discussed the pending Motion to Dismiss with Prejudice with Plaintiff, who expressed that she understood the implications and that she wished to terminate the action. The Court also heard from the attorneys about the circumstances of this case and Defendant's request to engage in additional discovery. Attorney Lindow—Defense Counsel—explained that he had seen multiple instances of Voss "appearing to represent an individual where we later find that they do not." (Dkt. No. 57 at 17). Given the unusual nature of a defendant

2

seeking to abate a dismissal with prejudice sought by a plaintiff, the Court asked Lindow if the other cases involving Voss also dealt with motions to dismiss with prejudice. (Dkt. No. 57 at 20). Lindow expressed that he could provide a list for the Court and was ordered to do so in a week.

Defendant followed up with the aforementioned supplemental filing, which was approximately 300 pages. (Dkt. No. 51).[1] In turn, Voss sought leave to respond (Dkt. No. 55) and the Court granted it (Dkt. No. 56). Voss's response argued that Lindow misrepresented the nature of the cases provided in his supplemental filing in an attempt to go on a "wild goose chase." (Dkt. No. 56). Voss also moved for sanctions, seeking $2,950.00 for the time spent in preparing a response to Defendant's supplemental filing. (*Id.* at 44) Two days later, Voss moved for leave to supplement its response (Dkt. No. 59), and Defendant filed a 449-page reply to Voss's response (Dkt. No. 60). Voss moved to strike Defendant's reply or be allowed to file a sur-reply. (Dkt. No. 61). In turn, Defendant responded to Voss's motion, explaining that it does not object to a sur-reply because Voss should be "afforded every opportunity to explain the multiple troubling examples provided to the Court in Defendant's Reply."

## II. DISCUSSION

### A. Plaintiff's Motion to Dismiss with Prejudice

Federal Rule of Civil Procedure 41(a)(2) states that, once a responsive

---

[1] While the supplemental response outlined several cases involving Voss, those cases were distinguishable and not directly on point with the present circumstances of this case.

3

pleading has been served, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "The purpose of authorizing the court to place conditions on a voluntary dismissal is to prevent unfair prejudice to the other side in the case. Typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). Prejudice to the defendant, however, is generally examined in the context of dismissals without prejudice, where the defendant could be subjected to a second round of litigation. *See id.* at 163 (noting that requiring dismissal with prejudice is one of the available options to avoid prejudice to the other party).

In opposing the dismissal with prejudice sought by Plaintiff, Defendant contends that Voss "is trying to pull the plug on the litigation" hoping "to sweep things under the rug by pushing the exit door that is a consequence-free dismissal." (Dkt. 44 at 9). In other words, Defendant suggests that the Motion to Dismiss with prejudice is actually Voss's attempt to escape inquiry on the alleged violations of Federal Rule of Civil Procedure 11(b).

The Court has reviewed and considered all of the parties' voluminous filings along with the arguments and exhibits contained therein. While the Court agrees the allegations surrounding Voss's behavior are concerning and not unfounded, the Court declines to prolong this cause of action with additional discovery. Ultimately,

4

it is clear that there is no longer a case and controversy that requires the Court's involvement, and the Court is not persuaded by the examples provided by Defendant. The issues revolving Voss's alleged professional misconduct or fraudulent behavior are matters beyond the merits of this suit, which the Court believes can be appropriately raised through other means. Defendant, for example, can file a complaint with the Bar or even pursue a direct cause of action against Voss if warranted. The Court takes no position on this matter.

Moreover, after addressing Plaintiff directly at the hearing (Dkt. No. 57 at 3–9), it was clear that: (1) Plaintiff agreed Voss currently represented her;[2] (2) Plaintiff wished to terminate the suit (*Id.* at 8); and (3) Plaintiff understood the impact of a dismissal with prejudice (*Id.*). Because a dismissal with prejudice is one of the most comprehensive reliefs available to a defendant,[3] the Court declines to impose additional conditions before terminating the suit. To that end, the Court declines to exercise its authority to investigate the allegations raised given the significant amount of judicial resources that would necessarily be expended. Investigating alleged Rule 11 violations, in a case with a pending motion to dismiss with prejudice, could conceivably take much longer than trying the case itself.

---

[2] The Court notes, however, that it is unclear at which point Voss began representing Plaintiff. During a deposition on January 15, 2016, Plaintiff stated she had agreed to be represented by Voss at some point during the summer of 2015. (Dkt. No. 40 at 14, 112:10–23). Yet, Plaintiff also testified during the hearing that she never had any contact with Voss until February 2016. (Dkt. No. 57 at 5).

[3] *See e.g., AAA Bonding Agency, Inc. v. U.S. Dep't of Homeland Sec.*, No. 4:05-CV-2159, 2015 WL 5655625, at *2 (S.D. Tex. Sept. 24, 2015) ("Although [plaintiff] opposes the voluntary dismissal, with prejudice, of [defendant's] counterclaim, it is in fact the most comprehensive relief available to [plaintiff]. The motion for voluntary dismissal must be granted with regard to [defendant's] counterclaim, and the counterclaim is dismissed with prejudice.").

Therefore, Plaintiff's Motion to Dismiss with Prejudice (Dkt. No. 43) is **GRANTED**.

### B. Requests for Sanctions and Costs

Both parties have sought sanctions or costs from the other side. Rule 11 gives the Court considerable discretion in deciding whether to impose sanctions. *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 968 F.2d 523, 529 (5th Cir. 1992).

First, Voss moved for sanctions against Defendant for opposing Plaintiff's Motion to Dismiss with Prejudice. (Dkt. No. 45 at 3). While opposing a dismissal with prejudice is unusual for a defendant, the Court finds that given the record, Defendant was not frivolous in seeking to abate dismissal and raise potential Rule 11 violation concerns to the Court.

Second, Defendant requested costs for preparing a response to Voss's Motion for Sanctions. (Dkt. No. 47 at 17). Just as the Court does not find that Defendant was frivolous in attempting to abate dismissal, nor was Voss in viewing the unusual opposition as an attempt to delay adjudication and seeking sanctions as a result.

Finally, Voss moved for sanctions a second time, seeking for the costs incurred in preparing a response to Defendant's supplemental filing after the hearing. (Dkt. No. 56 at 44). Voss was not required or prompted to file a response; it requested leave to respond because it wished to address Defendant's filing. The Court was prepared to issue a ruling after reviewing the supplemental filing without any additional responses. The fact that the Court granted Voss's Motion for Leave to file a response was to allow them with the opportunity to respond.

In light of the above, the Court declines to grant any of the requests for

sanctions or costs. Hence, these motions (Dkt. Nos. 45, 47, 56) are **DENIED**.

### C. Defendant's Motion to Show Authority

Texas Rule of Civil Procedure 12 provides that when an attorney's authority to act is challenged, "the burden of proof shall be upon the challenged attorney to show sufficient authority." Because a motion to show authority is a creature of Texas's procedural rules, it is unclear whether such a motion exists or is recognized at the Federal stage, and if so, who bears the standard of proof. In any event, the Court need not reach this issue because, as was previously noted, the Court confirmed directly with Plaintiff that she is currently represented by Voss. Hence, Defendant's Motion to Show Authority (Dkt. No. 40) is **DENIED AS MOOT**.

### III. CONCLUSION

Plaintiff's Motion for Dismissal with Prejudice (Dkt. No. 43) is **GRANTED**, all other pending motions are **DENIED**, and the case is **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

**SIGNED** September 13, 2016.

*[Signature]*

Marina Garcia Marmolejo
United States District Judge